Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DARYL CORTEZ BLACK,**
**DOC # 128690,**

    **Plaintiff,**

**vs.**                                          **Case No. 4:22cv290-MW-MAF**

**FLORIDA DEPARTMENT**
**OF CORRECTIONS, et al.,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was ordered to file an in forma pauperis motion or, alternatively, to pay the filing fee for this case if he was financially able to do so. ECF No. 3. Additionally, because Plaintiff did not submit a proper complaint on the form as required by the Rules of this Court, Plaintiff was required to file a proper complaint by September 6, 2022. *Id.* When Plaintiff submitted a "motion to include," ECF No. 4, but did not comply with the prior Order, ECF No. 3, Plaintiff was given additional time to do so. ECF No. 5. Plaintiff was advised that if he did not comply with by **September 16, 2022**, a recommendation will be entered to

dismiss this case. ECF No. 5. As of this date, Plaintiff still has not complied. It appears that he has abandoned this litigation and dismissal is now appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912,

915 (11th Cir. 2011). Here Plaintiff was forewarned and did not respond to a several Court Orders; dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on October 6, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv290-MW-MAF